UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RONNIE JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>VICKI HEREFORD, JEFFERY WHITE, MICHELLE SAARI, DONN WEBER, JEFF GUTZMER, BRADLEY PLUFF, KELLY MCELROY, DAVID RIESHUS, and KENT GRANDLIENARD,<br><br>Defendants. | Civil No. 14-2982 (JRT/BRT)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Ronnie Jackson, OID #239471, MCF-Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN 55082, *pro se*.

Lindsay Strauss, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 900, St. Paul, MN 55101, for defendants.

Plaintiff Ronnie Jackson ("Jackson") filed three separate motions seeking a preliminary injunction and a temporary restraining order. On August 26, 2015, United States Magistrate Judge Becky R. Thorson issued a Report and Recommendation ("R&R") recommending that Jackson's motions be denied. Jackson has objected to the R&R. Jackson contends that the background section of the R&R inaccurately summarizes the allegations in his complaint, improperly weighs the evidence, and improperly assesses credibility. Jackson does not object to the Magistrate Judge's recommendation that his motions be denied. Because the Court finds that the background section is proper and does not mischaracterize Jackson's complaint, and also because

Jackson does not object to the Magistrate Judge's ultimate recommendation, the Court will overrule Jackson's objection, adopt the R&R, and deny Jackson's motions for a preliminary injunction and a temporary restraining order.

## BACKGROUND

Jackson, a prisoner at Oak Park Heights Correctional Facility ("Oak Park"), initiated this action against Defendants – all Oak Park employees – for alleged violations of his Eighth Amendment and due process rights. (Compl. at 17-19, July 23, 2014, Docket No. 1.) Jackson alleges that in May 2014, Defendants placed him on a restraint board without cause, denied him access to a restroom, and denied him access to a shower for two days after he urinated on himself. (*Id.* at 10-16.)

On July 20, 2015, Jackson filed a Motion for a Temporary Restraining Order and Preliminary Injunction. (Mot. for TRO Prelim. Inj. ("TRO & PI Mot."), July 20, 2015, Docket No. 77.) On July 31, 2015, Jackson filed a Motion for Emergency Preliminary Injunctive Relief. (Mot. for Emergency Prelim. Inj. Relief ("Emergency Mot. 1"), July 31, 2015, Docket No. 99.) Finally, on August 12, 2015, Jackson filed a Motion for Emergency Preliminary Injunction Order. (Mot. for Emergency Prelim. Inj. Order ("Emergency Mot. 2"), August 12, 2015, Docket No. 123.)

In these three motions, Jackson seeks injunctive relief on the grounds that the Defendants confiscated his legal papers and threatened to punish him for demanding their return; withheld his legal mail for an unreasonable time; gave his mental health records to Defendants' counsel, in violation of the Minnesota Government Data Practices Act; failed to respond to his intra-prison complaint forms; and denied him medical care.

(Mem. Of Law in Supp. of TRO & PI Mot. at 1-3, July 20, 2015, Docket No. 78; Decl. of Ronnie Jackson in Supp. of TRO & PI Mot. at 1-4, July 20, 2015, Docket No. 79; Decl. in Supp. of Emergency Mot. 1 at 2, July 31, 2015, Docket No. 101.) Jackson also requests an extension of time to respond to Defendants' summary judgment motion.[1] (Emergency Mot. 2 at 2.)

On August 26, 2015, the Magistrate Judge issued an R&R recommending that Jackson's motions be denied. (R&R at 7, Aug. 26, 2015, Docket No. 133.) The Magistrate Judge noted that Jackson had not established that the time extension request or alleged injuries were sufficiently related to his underlying complaint. (*Id.* at 6-7.)

On September 8, 2015, and September 29, 2015, Jackson made two separate filings objecting to the R&R. (Obj. to the Court's R&R ("Obj.") at 1, Sept. 8, 2015, Docket No. 143; Letter to District Judge at 2, Sept. 29, 2015, Docket No. 153.) Jackson asserts that the Magistrate Judge, in the background section of the R&R, mischaracterized the allegations in his complaint, improperly weighed the evidence, and improperly assessed credibility. (Obj. at 1.) Jackson does not raise any other objections. In fact, Jackson specifically notes that he does not object to the Magistrate Judge's recommendation that his motions be denied. (Letter to District Judge at 2 ("Judge Thorson made correct legal findings and I as the plaintiff do not challenge the Report[']s Recommendation(s) and will go even further and say **most** of the claims are moot . . . .").)

---

[1] The Court granted Jackson an extension of time to respond to the summary judgment motion. (Order, Aug. 13, 2015, Docket No. 129).

# DISCUSSION

## I. STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). General objections or arguments already presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error. *See, e.g.*, *Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (citing cases from numerous other jurisdictions); Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## II. JACKSON'S OBJECTION

As noted above, Jackson objects to the background section of the R&R. Specifically, Jackson asserts that the R&R "lends improper weight to the defendants['] recitation of events" and "stray[s] from the facts alleged/claims alleged in the complaint." (Letter to District Judge at 1-2.) Jackson contends that the R&R's factual recitation is improper because it "effectively erases all [c]onstitutional violations alleged." (*Id.* at 1.)

The Court finds, based on a *de novo* review, that the R&R does not mischaracterize Jackson's complaint or lend improper weight to defendants' recitation of the facts. Jackson argues that the R&R should have used language from his complaint, including "'[m]isuse of force and pinion restraints' and 'deprivation of basic hygiene.'" (*Id.* at 1.) However, this language is equivalent to the language used in the R&R: "securing him to a restraint board for allegedly engaging in self-injurious behavior, and denying him access to a restroom and shower." (R&R at 2.) Minor wording variation does not establish that the Magistrate Judge mischaracterized Jackson's allegations, improperly weighed evidence, or improperly assessed credibility.

Additionally, factual misstatements in an R&R that do not bear on the legal analysis are harmless. *See, e.g.*, *Wells Fargo Bank, NA v. Le*, No. 15-1600, 2015 WL 3948744, at *3 (D. Minn. June 29, 2015) (finding that an alleged factual misstatement in an R&R was "harmless" because the recitation "was merely provided for context and ha[d] no impact whatsoever on the legal question before the Court"). Here, the Magistrate Judge summarized Jackson's claims merely to provide context for the present motions. This factual summary had no impact on the legal questions that were the subject of the R&R (whether Jackson was entitled to injunctive relief or a time extension). Thus, even assuming that the Magistrate Judge's recitation of the facts was incorrect, any misstatement is harmless.

Overall, based on the reasons stated above, the Court finds that the R&R background section was proper; the Magistrate Judge did not mischaracterize the allegations in Jackson's complaint, improperly weigh the evidence, or improperly assess

credibility. Accordingly, the Court will overrule Jackson's objection. Furthermore, because Jackson does not object to the Magistrate Judge's recommendation that his motions be denied, and because the Court finds that there is no clear error on the face of the R&R, the Court will adopt the R&R.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Jackson's objections [Docket Nos. 143 and 153] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated August 26, 2015 [Docket No. 133]. **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [Docket No. 77] is **DENIED**.

2. Plaintiff's Motion for Emergency Preliminary Injunctive Relief [Docket No. 99] is **DENIED**.

3. Plaintiff's Motion for Emergency Preliminary Injunction Order [Docket No. 123] is **DENIED**.

4. With respect to the above motions relating to a temporary restraining order and preliminary injunction, the Clerk of Court shall enter judgment on the motion.

DATED: October 23, 2015　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court