**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

RONNIE JACKSON,

                Plaintiff,

v.

VICKI HEREFORD, JEFFERY WHITE, MICHELLE SAARI, DONN WEBER, JEFF GUTZMER, BRADLEY PLUFF, KELLY McELROY, DAVID REISHUS, *in their individual capacities*, and KENT GRANDLIENARD, *in his individual and official capacity*,

                Defendant.

Civil No. 14-2982 (JRT/BRT)

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION**

---

Ronnie Jackson, OID #239471, MCF-Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN 55082, *pro se* plaintiff.

Rachel Bell, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 900, St. Paul, MN 55101, for defendant.

Plaintiff Ronnie Jackson alleges in this case that several prison-official defendants, including Jeff Gutzmer, violated his Eighth Amendment right to be free from cruel and unusual punishment. Defendants moved for summary judgment, United States Magistrate Judge Becky R. Thorson recommended that the Court grant the motion, and Jackson filed objections. On March 31, 2016, the Court granted Defendants' Motion for Summary Judgment in part but denied the motion as it related to Jackson's excessive force claim against Gutzmer. Defendants appealed, and the Eighth Circuit Court of Appeals issued an opinion on August 10, 2017, holding that Gutzmer did not violate

Jackson's Eighth Amendment rights. In light of that opinion, the Court will grant Defendants' Motion for Summary Judgment with respect to Jackson's excessive force claim against Defendant Gutzmer.

On March 17, 2016, Jackson filed a motion asking the Court to accept the late submission of an addendum to his objections to the Magistrate Judge's Report and Recommendation ("R & R") and seeking a preliminary injunction to prohibit Defendants from withholding his legal papers. Because his additional objections have no bearing on the legal analysis of the Court's March 31, 2016, opinion and the Eighth Circuit's August 10, 2017, opinion, the Court will deny Jackson's motion as to the late submission of objections. Furthermore, because the Court will grant Defendants' Motion for Summary Judgment with respect to Jackson's excessive force claim against Gutzmer, the Court will deny Jackson's Motion for Preliminary Injunction as moot.

## FACTUAL BACKGROUND

In the Declaration supporting Jackson's March 17, 2016, motion, Jackson alleges that his legal papers were taken from him on January 2, 2016, when he was sent to administrative segregation. (Decl. of Ronnie Jackson ("Jackson Decl.") ¶¶ 2–4, Mar. 17, 2016, Docket No. 190.) His initial objections to the Magistrate Judge's R&R were due while he was in administrative segregation, thus he was forced to write the objections from memory because he did not have access to all his legal papers. (*Id.* ¶ 7, 9.) Specifically, Jackson alleges that he did not have access to the legal documents that pertained to the additional objections made in his "Addendum Notice of Objection." (*Id.*

¶ 9.) For this reason, Jackson asks that the Court accept this "Addendum Notice of Objection" although the deadline for filing objections has passed.

In his "Addendum Notice of Objection," Jackson makes three objections. First, he alleges that the Magistrate Judge used an improper standard of review regarding the claim against Defendant Saari and should have considered whether "systemic deficiencies can provide the basis for a finding of deliberate indifference." (Addendum Notice of Objection to Magistrate's R&R dated Jan. 28, 2016, Mar. 17, 2016, Docket No. 192, ¶1 (citing *Buckley v. Rogerson*, 133 F.3d 1125 (8th Cir. 1998)).) Jackson's second and third objections allege that the Magistrate Judge erred as to various factual findings regarding when Jackson stopped his "negative behavior" and as to when that fact was known to Defendant Gutzmer. (*Id.* ¶¶ 2–3.)

In the Declaration supporting Jackson's March 17, 2016, motion, Jackson also alleges that his legal papers were not immediately returned to him when he came out of administrative segregation on March 2, 2016. (Jackson Decl. ¶ 5.) While he was given access to his papers several days later, he was not allowed to keep all of his papers with him. (*Id.* ¶ 5.) Jackson alleges that 46% of his legal papers were again taken away. (*Id*.) Jackson alleges that Defendants' failure to give him access to his legal papers "'impedes or frustrates' the legal process" and adversely affects his ability to file papers relating to his case, to respond to deadlines, and to properly cite or support documents. (Jackson Decl. ¶ 8.) For these reasons, Jackson seeks a preliminary injunction ordering Defendants to immediately return his legal papers and prohibiting Defendants from withholding them. (Pl.'s Mot. for Prelim. Inj. ¶¶ 2–3, Mar. 17, 2016, Docket No. 188.)

## DISCUSSION

Because Jackson's additional objections would have no bearing on the outcome of the case, the Court will deny his request to submit a late "Addendum Notice of Objection" as moot. Because the Court will grant Defendants' Motion for Summary Judgment with respect to Jackson's excessive force claim against Gutzmer, the Court will deny Jackson's Motion for Preliminary Injunction as moot.

### I. Jackson's Motion to Allow "Addendum Notice of Objection"

Jackson's motion requests, in part, that the Court accept a late-filed "Addendum Notice of Objection" to the Magistrate Judge's R&R. Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations" within 14 days. Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). Jackson did file initial objections within 14 days. (*See* Pl.'s Notice of Objs. to R&R ("Objs. to R&R"), Feb. 9, 2016, Docket No. 184.) However, he now wishes to file additional objections given that he did not have access to all his legal papers when the 14 day deadline expired. The Court is sympathetic to Jackson's situation; however, the Court will deny Jackson's request because the additional objections are moot.

#### A. Jackson's Objection to the Magistrate Judge's Finding as to Saari

Jackson objects to the standard used by the Magistrate Judge to determine Saari's liability. The objection is moot because the Court reviewed the Magistrate Judge's

finding as to Saari de novo in its March 31, 2016, Order and because the standard articulated by Jackson does not apply in this case.

Jackson properly objected to the Magistrate Judge's finding as to Saari in his initial notice of objections. (Objs. to R&R § IV.) The Court reviewed that objection de novo and overruled it in its March 31, 2016, Order. *Jackson v. Hereford*, No. CV 14-2982 (JRT/BRT), 2016 WL 1305889, at *7-8 (D. Minn. Mar. 31, 2016), *rev'd in part sub nom. Jackson v. Gutzmer*, 866 F.3d 969 (8th Cir. 2017). The Court found that Jackson failed to show that Saari had the mental state necessary to sustain a deliberate indifference claim. *Id.*

Jackson's additional objection has no bearing on this finding. Jackson asks the Court to apply a standard articulated in *Buckley*, which suggests that systemic deficiencies can provide the basis for a finding of deliberate indifference. 133 F.3d at 1130–31. This standard stems from the Eleventh Circuit case *Rogers v. Evans*, where it was said to apply to institutional-level challenges to prison health care. 792 F.2d 1052, 1058–59 (11th Cir. 1986). *Rogers* states that "a series of incidents closely related in time may disclose a pattern of conduct amounting to deliberate indifference." *Id.* In *Buckley*, the Eighth Circuit applied this standard and affirmed denial of summary judgment on a claim against the medical director of a prison where the plaintiff had shown "substantial evidence of repeated instances" of misconduct. 133 F.3d at 1131. Jackson's complaint is not an institutional level challenge to prison health care, nor does he present evidence of a series of incidents or pattern of conduct relating to Saari. Because Jackson's objection as to Saari's liability would not alter the Court's finding, it is moot and will not be allowed.

**B. Jackson's Objections to the Magistrate Judge's Findings as to Gutzmer**

Jackson objects to the Magistrate Judge's findings as to when he stopped his "negative behavior" and as to whether and when Gutzmer knew that he had stopped such behavior. These objections relate to whether Gutzmer authorized use of a restraint board because Jackson was self-injurious or as punishment. However, Jackson's objections are moot in light of the Eighth Circuit's August 10, 2017, opinion, which held that Gutzmer is entitled to qualified immunity because the record failed to establish the alleged Eighth Amendment excessive force violation.

The Eighth Circuit related the facts of the case directly from Jackson's Declaration. *Jackson v. Gutzmer*, 866 F.3d 969, 972–73 (8th Cir. 2017). The Eighth Circuit noted, as Jackson points out, that there was a dispute as to whether Gutzmer witnessed Jackson kicking and punching the cell door. *Id.* at 973. Yet the Eighth Circuit also noted that it was undisputed that Sergeant Weber **told** Gutzmer that Jackson had been kicking and punching his cell door and ignored directives to stop. *Id.*

Jackson's factual allegations would not change the outcome of the case for two reasons. First, the Eighth Circuit concluded that the facts known to Gutzmer were sufficient to justify use of the restraint board to prevent Jackson from harming himself. *See id.* at 977 n.5. The Eighth Circuit concluded that "'the extent of the threat to the safety of [Jackson], as reasonably perceived by [Lt. Gutzmer] on the basis of facts known to him, suggested that 'the use of force could plausibly have been thought necessary' to stop Jackson before he injured himself." *Id.* (alterations in original) (citing *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Second, the Eighth Circuit found that the question of Gutzmer's intent was not dispositive. The Eighth Circuit held that even if placing Jackson on the restraint board **was** intended as punishment, such use was warranted under the circumstances and would not violate the Eighth Amendment. *Id*. at 978. The Eighth Circuit applied the standard articulated in *Hudson v. McMillan* and *Whitley*, which considers whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Id.* at 974 (citing *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Whitley*, 475 U.S. at 321). The Eighth Circuit noted that this standard accords "wide-ranging deference" to prison administrators acting to "preserve internal order and discipline and to maintain institutional security." *Id.* (citing *Hudson*, 503 U.S. at 6). Allegations of errors in judgment or disputes over the reasonableness of particular uses of force should not go to the jury. *Id*. at 975. The Eighth Circuit emphasized that punishing an inmate to "preserve internal order and discipline and to maintain institutional security does not violate the Eighth Amendment . . . , unless the punishment or force used is repugnant to the conscience of mankind," which was not the case here. *Id.* at 978 (internal citations omitted). Thus, even if Jackson's factual allegations showed that the use of the restraint board was intended as punishment, such punishment under the circumstances did not violate the Eighth Amendment.

Jackson's late objections to the Magistrate Judge's factual findings would not change the outcome of the case, thus the objections are moot and will not be allowed.

## II. Jackson's Motion for Preliminary Injunction

Jackson's March 13, 2016, motion also seeks a preliminary injunction to prohibit Defendants from withholding his legal papers. Because the Court will grant Defendants' Motion for Summary Judgment with respect to Jackson's excessive force claim against Gutzmer, there are no remaining claims in this case. Jackson's motion for preliminary injunction will therefore be denied as moot.

The purpose of a preliminary injunction is to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). This case has already been heard on the merits, thus a preliminary injunction would be moot.

The Court also concludes that Jackson's motion for preliminary injunction should be denied on substantive grounds because Jackson has not established a relationship between the injuries claimed in his motion and the conduct asserted in his complaint. Because a preliminary injunction's purpose is to preserve the status quo while a lawsuit is pending, a moving party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.*; *see also Hale v. Wood*, 89 F.3d 840 (8th Cir. 1996). While Jackson's underlying complaint involves allegations of Eighth Amendment violations, his motion for preliminary injunction is based on new allegations of harm involving restricted access to his legal papers, and he has failed to establish a connection between the underlying complaint and the request for a preliminary injunction. Thus, even if it were not moot, Jackson's motion for preliminary injunction would also be denied on substantive grounds.

## CONCLUSION

In light of the Eighth Circuit's August 10, 2017, decision, the Court grants Defendants' Motion for Summary Judgment.

Because Jackson's additional objections would not change the outcome of his case, they are moot, and the Court denies his motion to accept the late submission, "Addendum Notice of Objection."

Because Jackson's complaint has already been resolved on the merits, a preliminary injunction is not warranted, and the Court denies his Motion for Preliminary Injunction.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment [Docket No. 80] is **GRANTED** with respect to Jackson's excessive force claim against Defendant Gutzmer.

2. Jackson's request that the Court accept his late submission, "Addendum Notice of Objection" [Docket No. 192] is **DENIED as moot**.

3. Jackson's Motion for Preliminary Injunction [Docket No. 188] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 27, 2017　　　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court